**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHANNON DIXON,

Petitioner - Appellant,

v.

TOM C. MARTIN,

Respondent - Appellee.

No. 98-6371

W.D. Oklahoma

(D.C. No. 97-CV-1045-A)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.    See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G).  This cause is

therefore ordered submitted without oral argument.

Shannon Dixon, a state prisoner proceeding pro se, seeks a certificate of

appealability which would enable him to appeal the district court's order

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. In April 1994, Dixon pled guilty to various charges stemming from a December 1992 incident in which he shot and killed his girlfriend. Specifically, Dixon pled guilty to (1) Murder in the First Degree After Former Conviction of a Felony, (2) Pointing a Firearm After Former Conviction of Felony, and (3) Possession of a Firearm After Former Conviction of a Felony. As part of the plea bargain, the government agreed to drop another charged count of Pointing a Firearm After Former Conviction of a Felony. Some years earlier, Dixon had been convicted of Possession of a Controlled Dangerous Substance; this was the "former felony" listed in the 1994 charges.

At sentencing, the trial court imposed a sentence of life imprisonment for the murder charge, life imprisonment for the pointing a firearm charge, and 10 years' imprisonment for the possession of a firearm charge. The sentences were to run concurrently.

Dixon did not file an application to withdraw his guilty plea, and did not appeal the convictions or sentences. However, three years after the convictions became final, Dixon filed an application for post-conviction relief in state court. The Oklahoma trial court denied Dixon's application, and the Oklahoma Court of Criminal Appeals affirmed.

Dixon then filed his § 2254 petition in federal district court. The district court assigned the matter to a magistrate judge, who issued a report recommending that Dixon's petition be denied. The district judge adopted the recommended disposition of the magistrate judge, and partially adopted the magistrate judge's report.

Dixon now appeals from the decision of the district court denying his petition. He alleges that he was denied effective assistance of counsel because his attorney failed to inform him (1) of his right to the presumption of innocence; (2) that the State had to prove each element of the crimes beyond a reasonable doubt; (3) that "self-defense reversed burden of proof imposing State to disprove such defense"; (4) that "malice aforethought" means "intent to kill"; (5) of lesser included offenses and punishments; (6) that intoxication "required instruction(s) mitigating intent"; and (7) "concerning possible sentences where his prior conviction could not lawfully serve as a basis for the enhancement of sentences" other than the possession of a firearm count. Appellant's Br. at 11-12. Dixon also alleges that, because his attorney was ineffective, his guilty plea was therefore unknowing and involuntary. Id. at 11. Finally, Dixon asserts that "counsel abandoned him during critical ten day period for guilty plea withdrawal." Id. at 12.

After reviewing the entire record on appeal, and carefully analyzing Dixon's legal claims, we conclude that the district court's order dismissing Dixon's petition is a well-reasoned and thorough disposition of this matter. Along with the incorporated portions of the magistrate judge's report, the order accurately sets forth the significant facts and correctly analyzes the applicable law on each of the issues raised by Dixon. In his papers filed with this court, Dixon has provided us with nothing which casts doubt on the district court's disposition of this matter. We therefore conclude, for substantially the same reasons as the district court, that Dixon has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although we GRANT Dixon's request to proceed without the prepayment of fees or costs, we DENY Dixon's request for a certificate of appealability and DISMISS his appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge